**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS AND PROFESSIONAL, CLERICAL, PUBLIC AND MISCELLANEOUS EMPLOYEES, LOCAL UNION NO. 533,<br><br>Plaintiff,<br><br>v.<br><br>KEOLIS TRANSIT AMERICA, INC.,<br><br>Defendant. | Case No. 3:21-CV-00167-CLB<br><br>**ORDER GRANTING MOTION TO DISMISS, AND REMANDING CASE FOR FURTHER PROCEEDINGS BEFORE ARBITRATOR**[1]<br><br>[ECF No. 12] |

Pending before the Court is Defendant Keolis Transit America, Inc.'s ("Keolis") motion to dismiss. (ECF No. 12.) In response, Plaintiff Teamsters, Chauffeurs, Warehousemen and Helpers and Professional, Clerical, Public and Miscellaneous Employees, Local Union No. 533 ("the Union") filed a response, (ECF No. 17), and Keolis replied, (ECF No. 19). For the reasons discussed below, the Court grants the motion to dismiss and remands the case for further proceedings before the arbitrator.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

This dispute arises out of a grievance filed by the Union on behalf of one of Keolis's employees, Carrie Kincaid ("Kincaid"), after she was removed from her position as a Dispatcher and terminated from employment. Keolis and the Union are parties to a collective bargaining agreement ("CBA"), which lays out grievance and arbitration procedures. The CBA provides that the parties will select an arbitrator whose decision will be "final and binding on the parties." Pursuant to the CBA, the parties submitted the grievance to arbitration before mutually selected Arbitrator John B. LaRocco ("the

---

[1]    The parties have voluntarily consented to have this case referred to the undersigned to conduct all proceedings and entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 22.)

Arbitrator"). On February 26, 2021, the Arbitrator issued a Decision and Award ("the Award"), ordering reinstatement provided the employee is medically fit for duty, back pay, and benefits. In addition, the Arbitrator retained jurisdiction over the proceedings for the purpose of resolving any disputes arising from the Award.

The Union now petitions this Court to issue an order confirming the Award, including the calculated amounts of back pay and benefits. (*See* ECF No. 1.) Keolis filed the instant motion to dismiss, arguing the action was prematurely filed and that this Court does not have jurisdiction over this matter because the Arbitrator specifically reserved jurisdiction to resolve issues related to the Award. (ECF No. 12.) In response, the Union argues the Award is final and binding, and therefore may be confirmed, and argues in the alternative, that if the Court determines the Award is not final, it should remand the Award to the Arbitrator. (ECF No. 17.)

## II.  LEGAL STANDARD

Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185(a), confers district courts original jurisdiction over any action arising from a breach of a labor agreement. 29 U.S.C. § 185(a). The LMRA was enacted, in part, to incentivize compliance with CBAs. *See Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 454 (1957). The LMRA promotes arbitration to resolve disputes under these agreements. *See id.*

The LMRA allows a district court to enforce an arbitration award entered pursuant to a CBA. *See Sheet Metal Workers Int'l Ass'n, Local 359 v. Madison Indus.*, 84 F.3d 1089, 1091 (9th Cir. 1990). The arbitrator's award must normally be final and binding before such review is undertaken. *Millmen Local 550 v. Wells Exterior Trim*, 823 F.2d 1373, 1375 (9th Cir. 1987). The court may not review the merits of an arbitration award, but it may review whether the CBA governed the underlying grievance, and whether the parties agreed to arbitrate the dispute. *United Steelworkers of Am. v. American Mfg. Co.*, 363 U.S. 564, 568 (1960); *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83 (1960). If the award plausibly interprets the contract, the court must enforce it. *United*

*Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). However, the court will not enforce an arbitration award that is unclear or vague. *See Hanford Atomic Metal Trades Council v. General Electric Co.*, 353 F.2d 302, 307–08 (9th Cir. 1965).

Typically, under the common law doctrine of *functus officio*, an arbitrator may not reconsider an issue that he has already decided. *See Bosack v. Soward*, 586 F.3d 1096, 1103 (9th Cir. 2009). However, an arbitrator can correct a clear mistake, complete an arbitration if the award is not final, or clarify an ambiguity within a final award. *See McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731, 734 n.1 (9th Cir. 1982). Therefore, a court can remand an issue to the arbitrator for clarification even after the arbitration is complete. *See, e.g., Hanford Atomic Metal*, 353 F.2d at 308.

### III. DISCUSSION AND ANALYSIS

Keolis filed the instant motion to dismiss, arguing the petition should be dismissed as the Union failed to properly exhaust nonjudicial remedies, and because the Award is not final and binding and the Arbitrator explicitly retained jurisdiction, this Court does not have jurisdiction over this matter. (ECF No. 12.) Keolis argues the Union is trying to circumvent the authority of the Arbitrator by asking this Court to confirm the Union's unilateral back pay and benefit calculations and without giving the Arbitrator the opportunity to resolve any dispute over reinstatement, even though he clearly and explicitly ordered that he retained such jurisdiction. (*Id.*) Keolis asserts that the condition of reinstatement has been complicated by the fact that Keolis's client, RTC—which is not a signatory to the CBA—has an independent right of removal from RTC service pursuant to its contract with Keolis and has refused to allow Kincaid to be returned to her previous position.

In response, the Union argues the Award is final and binding, and therefore may be confirmed, and argues in the alternative, that if the Court determines the Award is not final, it should remand the Award to the Arbitrator. (ECF No. 17.)

In reply, Keolis states it has no objection to having this case remanded to the Arbitrator, as it has argued that any outstanding dispute is appropriately before him. (ECF

No. 19.)

The Arbitrator ordered "[Kincaid] shall be reinstated to employment with the Company provided she is medically fit for duty," and Keolis "shall pay [Kincaid] back pay and benefits," and Keolis was ordered to "comply with [the reinstatement and back pay obligations] within 30 days of [February 26, 2021]. (ECF No. 4-2 at 19.)

The parties are not in agreement as to the amount of back pay owed, as the award does not specify the exact amount of back pay, nor does it provide a clear formula for how to determine the amount. This Court will not interpret an ambiguous award. *See Hanford Atomic Metal*, 353 F.2d at 307–08. The same arbitrator who made the award is in the best position to provide the necessary clarity. *See Reg'l Local Union No. 846 v. Gulf Coast Rebar, Inc.*, 194 F. Supp. 3d 1096, 1100–01 (D. Or. 2016). Remanding the award to the arbitrator for an exact calculation of back pay is not an "unwarranted judicial intrusion into the arbitrator's interpretation of the contract." *ILWU Local 142 v. Land & Constr. Co.*, 498 F.2d 201, 206 (9th Cir. 1974).

Further, there is an issue with Kincaid's reinstatement, as it apparently has been complicated by RTC refusing to allow Kincaid to be returned to her previous position. Additionally, the Award stated Kincaid "shall be reinstated to employment with the Company *provided she is medically fit for duty*." Language of this nature does not bespeak a final and binding award which ends the litigation and leaves nothing for the court to do but execute the judgment. *Millmen*, 828 F.2d at 1376 (internal quotation and citation omitted). To the contrary, it leaves open the question of relief. *See id.* The Court's conclusion is further supported by the fact the Arbitrator specifically retained jurisdiction to decide the remedy if a dispute between the parties were to arise, indicating that he did not intend for the Award to be final. *See id.* at 1376-77.

Based on the above, the Court finds that the Award is ambiguous as to back pay and not final as to the issue of reinstatement. The outstanding issues related to calculation of back pay and reinstatement are properly before the Arbitrator, not this Court. Accordingly, the parties will have 60 days to resubmit these issues to the Arbitrator.

4

## IV. CONCLUSION

For good cause appearing and for the reasons stated above, **IT IS HEREBY ORDERED** that Keolis's motion to dismiss, (ECF No. 12), is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition to confirm the arbitration award (ECF No. 1) is **DISMISSED**.

**IT IS FURTHER ORDERED** that this matter be **REMANDED** to the Arbitrator for clarification as to the amount of back pay and condition of reinstatement.

**IT IS FURTHER ORDERED** that the parties shall resubmit these issues to the Arbitrator within 60 days of the issuance of this order.

**IT IS FURTHER ORDERED** that the Clerk of the Court **ADMINISTRATIVELY CLOSE** this case.

**DATED:** September 8, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**